# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GEO FINANCE CORPORATION, a Florida corporation,

    Plaintiff,

v.

REVOLUTION LUBRICANTS, INC., a North Carolina corporation,

    Defendant.

Case No. 2:15-CV-00624-KJD-CWH

**ORDER**

Presently before the Court is Plaintiff's Motion for Default Judgment (#25). Though the time for doing so has passed, no response in opposition has been filed.

I. Background

Defendant was served with the complaint and summons on or about May 13, 2015.[1] Defendant has failed to appear. The Clerk of the Court entered default on August 20, 2015. On

---

[1] The Court is confused as to why, through out the proceedings, Plaintiff keeps claiming to have also served Defendant by having the summons and complaint delivered to the Nevada Secretary of State. Defendant is a North Carolina Corporation and does not appear to have ever had a registered Nevada entity or been registered to do business in Nevada with the Secretary of State. To be sure, service upon the State of North Carolina Secretary of State satisfies Plaintiff's obligations under Federal Rule of Civil Procedure 4 and, therefore, default is appropriate.

September 8, 2015, Plaintiff moved for default judgment. Plaintiff then filed Notice of Corrected Image/Document (#28) in regards to the motion for default judgment on September 28, 2015.

Plaintiff alleges that Defendant breached a stock purchase agreement under which Plaintiff performed its obligations by making two monthly payments of $20,000.00. Plaintiff, under the terms of the agreement, terminated the agreement when Defendant failed to fulfill its obligations by issuing shares to Plaintiff. Plaintiff claims damages under the express terms of the contract of $104,943.00.

II. Legal Standard for Entry of Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits the Court, following a defendant's default, to enter a final judgment in a case. There is no matter of right to the entry of a default judgment, and its entry is entirely within this Court's discretion. See Draper v. Coombes, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). This Court may find entry of a default judgment appropriate in consideration of: [1] the sufficiency of the complaint and the merits of a plaintiff's substantive claims; [2] the possibility of prejudice if entry is denied; [3] the sum of money at stake; [4] the possibility of a dispute concerning material facts; [5] whether default was due to excusable neglect; and [6] the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

III. Analysis

Since Plaintiff has met all procedural requirements for entry of default judgment, the Court must consider the Eitel factors. The first two Eitel factors are (1) the merits of Plaintiff's substantive claim, and (2) the sufficiency of the complaint. See id. The Ninth Circuit has suggested that these two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff has clearly stated a claim of breach of contract. Further, Plaintiff has submitted adequate, unrefuted evidence of the substance of the claims and damages. Therefore, the Court finds good cause to grant Plaintiff's motion for default judgment.

IV. Conclusion

   Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment (#25) is **GRANTED**;

   IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendant in the amount of $104,943.00.

   DATED this 5TH day of November 2015.

_____
Kent J. Dawson
United States District Judge